Heidi G. Goebel (Bar No. 10343)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 441-9393
hgoebel@gapclaw.com

Rachael M. Trummel (admitted *pro hac vice*)
Andrew J. Chinsky (admitted *pro hac vice*)
KING & SPALDING LLP
353 North Clark Street, 12th Floor
Chicago, Illinois 60654
Telephone: (312) 764-6907
rtrummel@kslaw.com
achinsky@kslaw.com

*Attorneys for Defendant Shopify Inc.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| PARCEL PARTNERS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY INC., a Canadian company,<br><br>Defendant. | Case No. 2:20-cv-00253-DB<br><br>**DEFENDANT SHOPIFY INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Honorable Dee Benson |

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

I.    Shopify's Retention of the Right to Enter Into Its Own NSA With USPS Did Not Render the Agreement Illusory. ................................................................................. 3

II.    The Agreement Did Not Create an "Exclusive" Relationship That Prohibited Shopify From Entering Into Its Own NSA With USPS. ........................................... 6

    A.    Plaintiff's Cases Are Inapposite Because the Agreement Is Not Ambiguous. ..................................................................................................7

    B.    Section 1.E. Does Not Provide For "Two Categories" of Competing Resellers. ......................................................................................................9

    C.    Section 2.E. Does Not Impose Any Obligation on Shopify. ...............................10

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.    Shopify's Retention of the Right to Enter Into Its Own NSA With USPS Did Not Render the Agreement Illusory. ............................................................... 3

    II.    The Agreement Did Not Create an "Exclusive" Relationship That Prohibited Shopify From Entering Into Its Own NSA With USPS. ....................... 6

    A.    Plaintiff's Cases Are Inapposite Because the Agreement Is Not Ambiguous. ..................................................................................................7

    B.    Section 1.E. Does Not Provide For "Two Categories" of Competing Resellers. ......................................................................................................9

    C.    Section 2.E. Does Not Impose Any Obligation on Shopify. ...............................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Angino v. Santander Bank, N.A.*,
   No. 1:15-CV-1145, 2015 WL 13738828 (M.D. Pa. Dec. 15, 2015)..........................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................3

*Ayres v. Portfolio Recovery Assocs., LLC*,
   No. 2:17-CV-01088-DN, 2018 WL 6706021 (D. Utah Dec. 20, 2018) ....................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................3

*Best Rate Towing & Repair, Inc. v. Ziplocal, L.P.*,
   No. 2:11CV345DAK, 2012 WL 627668 (D. Utah Feb. 24, 2012)...........................................7

*BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*,
   830 F.3d 1195 (10th Cir. 2016) ................................................................................................7

*Derma Pen, LLC v. 4EverYoung Ltd.*,
   76 F. Supp. 3d 1308 (D. Utah 2014).....................................................................................3, 5

*Flood v. ClearOne Comms., Inc.*,
   618 F.3d 1110 (10th Cir. 2010) ................................................................................................3

*Goodwin v. Hole No. 4*,
   No. 2:06-CV-00679, 2006 WL 3327990 (D. Utah Nov. 15, 2006).......................................8, 9

*Kripp v. Kripp*,
   849 A.2d 1159 (Pa. 2004)........................................................................................................7

*Lipman Bros. v. Apprise Software, Inc.*,
   No. CIV. 13-4439, 2015 WL 4476983 (E.D. Pa. July 22, 2015).............................................10

*Peirce v. Peirce*,
   994 P.2d 193 (Utah 2000).....................................................................................................7, 8

*Res. Mgmt. Co. v. Weston Ranch & Livestock Co.*,
   706 P.2d 1028 (Utah 1985).................................................................................................3, 5

*Resolution Tr. Corp. v. Fed. Sav. & Loan Ins. Corp.*,
   25 F.3d 1493 (10th Cir. 1994) .................................................................................................6

<mark>

*Vanderwood v. Woodward*,
    449 P.3d 983 (Ct. App. Utah Aug. 22, 2019) ........................................................................... 10

*Velazquez v. State Farm Fire & Cas. Co.*,
    No. 19-CV-3128, 2020 WL 1942784 (E.D. Pa. Mar. 27, 2020) ............................................... 7

**Other Authorities**

Restatement (Second) of Contracts § 71 (1981) ............................................................................ 4

Restatement (Second) of Contracts § 77 (1981) ............................................................................ 3

Fed. R. Civ. P 12(b)(6) ............................................................................................................. 2, 3

3 Williston on Contracts § 7:14 (4th ed.) ................................................................................... 3, 4

3 Williston on Contracts § 7:44 (4th ed.) ....................................................................................... 4

## INTRODUCTION

As set forth in Shopify's opening motion papers (Motion to Dismiss, Dkt. 18), Plaintiff's entire claim is based on the incorrect notion that Shopify breached some **non-existent** "exclusivity" provision of Section 1.E. of the Agreement[1] by moving its Clients to its own NSA with USPS shortly before the Agreement expired. (Compl. ¶¶ 39-40.) Like the Complaint, Plaintiff's Opposition (Dkt. 20) asks the Court to read into the Agreement an "exclusivity" term that does not exist and is contrary to the plain language of the Agreement. Because a court may not rewrite a contract to impose new obligations that are inconsistent with the plain language of the Agreement (especially an agreement between sophisticated, commercial parties), the Court should find Plaintiff's theory of breach implausible as a matter of law and, on that basis, dismiss the Complaint with prejudice.

As shown in the Motion, under the Agreement, Plaintiff agreed to offer Shopify's Clients discounted shipping rates under Plaintiff's NSA with USPS. (Mot. at 1.) In exchange, Shopify agreed: (1) to pay a per-shipping-label-fee for each shipping label purchased under the Agreement; and (2) not to offer its Clients domestic shipping rates from any "Competing Reseller," which was *expressly defined to exclude Shopify*. (Agreement § 1.E.) Thus, by its plain and unambiguous terms, the Agreement prohibited Shopify from offering discounted domestic shipping rates to its Clients from any "Competing Reseller," but *not* under Shopify's own NSA with USPS.

In its Opposition, Plaintiff offers two arguments in an attempt to avoid the plain language of the Agreement. Neither has merit. *First*, Plaintiff asserts that Shopify's plain-language

---

[1] Capitalized terms have the same meaning as defined in Shopify's Motion. (Dkt. 18.)

1

construction of the Agreement cannot stand because, according to Plaintiff, if Shopify could enter into its own NSA with USPS, the Agreement would be "illusory" and unenforceable. (Opp. at 2, 10.) But Plaintiff is wrong. The Agreement is not illusory. It is supported by consideration (at least two forms) that bound Shopify for the duration of the Agreement. Under the Agreement, Shopify agreed to forbear, and did forbear, from offering its Clients discounted domestic USPS shipping rates from any "Competing Reseller" (expressly defined to exclude Shopify) for the entire three-year period that the Agreement was in effect. That Shopify agreed not to use "Competing Resellers" is consideration even though Shopify did not also bargain away its right to enter into its own NSA with USPS. Shopify also agreed to pay, and did pay, a fee to Plaintiff for each shipping label purchased under the Agreement during that period. For at least these reasons, the Court should reject Plaintiff's mischaracterization of the plain language of the Agreement as "illusory."

*Second*, in the Opposition, Plaintiff rehashes the conclusory and illogical allegations of the Complaint to assert that the Agreement "read as a whole" contains "implied terms" that create an "exclusive" relationship such that Shopify was prohibited from entering into its own NSA with USPS (it was not). (Opp. at 2, 9, 13.) In so doing, Plaintiff ignores that the plain language of the Agreement does not support the existence of the implied "exclusivity" term on which Plaintiff's claim depends. Most significant, Plaintiff necessarily relies on Section 1.E. for its assertion that Shopify breached the Agreement by offering its Clients discounted domestic shipping rates based on its own NSA, but, fatal to Plaintiff's claim, Section 1.E.'s prohibition only applies to "Competing Resellers," which the parties expressly agreed would ***not*** include Shopify.

For all of these reasons, as set forth in the Motion and further detailed below, the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim.

# ARGUMENT[2]

## I. Shopify's Retention of the Right to Enter Into Its Own NSA With USPS Did Not Render the Agreement Illusory.

Plaintiff contends that Shopify's plain-language interpretation of the Agreement would make the Agreement "illusory" by allowing Shopify to "effectively terminate the Agreement at any time" without resort to the Termination for Convenience Clause. (Opp. at 2, 12.) Plaintiff misapprehends what makes a contract illusory. "Illusory" promises are "[w]ords of promise which by their terms make performance entirely optional with the 'promisor'" such that "it is not consideration for a return promise." Restatement (Second) of Contracts § 77 (1981). If a promise is illusory, "there is indeed no consideration, and therefore no contract." 3 Williston on Contracts § 7:14 (4th ed.); Res. Mgmt. Co. v. Weston Ranch & Livestock Co., 706 P.2d 1028, 1036 (Utah 1985). But a contract has consideration "wherever a promisor receives a benefit or where a promisee suffers a detriment, however slight," including something as slight as a requirement to provide written notice of termination. Derma Pen, LLC v. 4EverYoung Ltd., 76 F. Supp. 3d 1308, 1328 (D. Utah 2014). By contrast, a contract is "illusory" only where "the promisor retains an *unlimited* right to decide later the nature or extent of his or her performance." *Id.* (emphasis in original). It is the *unlimited* choice that "destroys the promise and makes it illusory." *Flood v.*

---

[2] To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Opposition cites this standard, but contradictorily argues that dismissal is warranted "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." Opp. at 7 (*citing* Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003)). The "no-set-of-facts" test was "retired" by *Iqbal* and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The current "plausibility" standard is a higher bar than the superseded "no-set-of-facts" test and requires Plaintiff to present "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

*ClearOne Comms., Inc*., 618 F.3d 1110, 1120 (10th Cir. 2010) (Gorsuch, J.) (citing *Res. Mgmt.*, 706 P.2d at 1038). Moreover, that a contract allows a party to "discontinue . . . or in some other manner to determine the extent of its performance" does not make it illusory: "the mere fact that the option prevents the mutual promises from being coextensive with one another does not prevent both promises from being binding according to their respective terms." 3 Williston on Contracts § 7:14 (4th ed.). Instead, "adequacy of consideration . . . is a matter exclusively for the decision of the parties." *Id.* Here, Shopify did not terminate and, as set forth below, the Agreement is supported by consideration notwithstanding Shopify's right to enter into its own NSA with USPS.

*First*, even though Shopify retained the ability to enter into its own NSA with USPS (via the express carve-out from the "Competing Reseller" definition), the Agreement was supported by at least two forms of consideration. Specifically, although "Competing Reseller" was defined to exclude Shopify, it included literally every other third party in the world that "offers shipping rates under [NSAs] directly with the USPS," meaning all of Plaintiff's actual or potential competitors (not Shopify). Agreement § 1.E. Shopify's agreement to forbear—and actual forbearance—from what it was otherwise legally allowed to do (contract with Plaintiff's competitors) constitutes consideration to support the Agreement. 3 Williston on Contracts § 7:44 (4th ed.) ("Forbearance from exercising a right or doing an act which one has a right to do is legal consideration."); Restatement (Second) of Contracts § 71 (1981) (consideration means bargained for performance, and that performance "may consist of . . . a forbearance"). Likewise, that Shopify agreed to pay— and did pay—a fee to Plaintiff for each qualifying shipping label purchased under the Agreement constitutes consideration. Agreement § 3. Accordingly, Plaintiff's assertion that Shopify's plain-language interpretation of the Agreement would render it illusory is meritless.

4

*Second*, contrary to Plaintiff's assertion, Shopify's plain-language interpretation of the Agreement would not permit it to "effectively terminate the Agreement at any time" because Shopify did not have an "unlimited right to decide later the nature or extent of [its] performance." *Res. Mgmt.*, 706 P.2d at 1039 (citing 1 S. Williston, *The Law of Contracts* § 143, at 4140 (3d ed. 1957)). Courts "interpret even a slight restriction on the exercise of the right of cancellation as constituting such legal detriment as will satisfy the requirement of sufficient consideration." *Id.* at 1039-40; *Derma Pen, LLC*, 76 F. Supp. 3d at 1328. Here, Section 1.E. prohibited Shopify from offering to its Clients discounted domestic USPS shipping rates from "Competing Resellers" (excluding Shopify). Shopify was at all times bound by that prohibition; Shopify never violated that prohibition; and Shopify never terminated the Agreement, including to offer its Clients rates from Competing Resellers—***and Plaintiff does not and cannot allege otherwise***. That Plaintiff regrets that the definition of "Competing Resellers" excludes Shopify because (in Plaintiff's view) it "limits the potential usefulness of" the parties' relationship does not make the Agreement illusory. *Res. Mgmt.*, 706 P.2d at 1040. All of Shopify's promises in the Agreement, including its promises not to use Competing Resellers and to pay shipping label fees, remained "intact" during each term of the Agreement, and Shopify honored those promises. *Id.* at 1040.

*Third*, Plaintiff attempts to bolster its "exclusivity" argument by arguing that Shopify's plain-language reading of the Agreement would render the Termination for Convenience clause (Section 10B) meaningless. (Opp. at 12). Again, Plaintiff is incorrect. The Termination for Convenience clause "would apply ***without an exclusive relationship*** if Shopify decided to terminate the Agreement early under Section 10B so that it could offer its Clients discounted domestic USPS shipping rates ***from a Competing Reseller*** (if, *e.g.*, that Competing Reseller

5

offered better rates than Plaintiff)." (Mot. at 16.) Plaintiff attempts to dismiss Shopify's explanation as "unreasonable," stating that it "fails to explain why [Shopify] would be liable for the Termination Payment if it terminated the Agreement to move its merchants to the NSA of a reseller other than itself, but not if Defendant moved its merchants to its own NSA." (Opp. at 13.) But, as reflected in the plain language of the Agreement, the reason is obvious. The Agreement did not prohibit Shopify from entering into its own NSA with USPS, but did prohibit Shopify from offering its client discounted domestic rates from Competing Resellers (excluding Shopify). Accordingly, the parties agreed to Section 10B so that Plaintiff would be compensated if Shopify terminated in order to offer its Clients alternative rates from a Competing Reseller (which was not permitted under the Agreement), but not if Shopify offered its Clients alternative rates based on its own NSA with USPS (which was permitted under the Agreement).

In short, Shopify's plain-language interpretation does not render the Agreement illusory.

## II. The Agreement Did Not Create an "Exclusive" Relationship That Prohibited Shopify From Entering Into Its Own NSA With USPS.

As stated above, Plaintiff's claim is based entirely on Section 1.E. of the Agreement (Mot. at 11; Compl. ¶¶ 38-39), but Section 1.E. does not impose the purported "exclusivity" obligation on which Plaintiff's claim depends. Section 1.E. prohibits Shopify from offering its Clients alternative domestic shipping rates from a Competing Reseller ("other than [Shopify]") but does not prohibit Shopify from entering into its own NSA with USPS. Moreover, Plaintiff and Shopify are sophisticated business entities; if they had intended for Section 1.E. to include Shopify as a "Competing Reseller," as Plaintiff now asserts, they would not have expressly excluded Shopify from the definition of "Competing Reseller." *Resolution Tr. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1500 (10th Cir. 1994). That they did is fatal to Plaintiff's claim.

### A. Plaintiff's Cases Are Inapposite Because the Agreement Is Not Ambiguous.

Acknowledging that the plain language of the Agreement does not support the existence of the "exclusive" relationship on which its claim depends, Plaintiff asks the Court to infer that the parties intended such a relationship. But where, as here, "the contractual language is unambiguous[3], the court ascertains the parties' intentions solely on the contractual language." *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1201 (10th Cir. 2016); *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004). "The court cannot rewrite the terms of the contract to make it more favorable for one side." *Best Rate Towing & Repair, Inc. v. Ziplocal, L.P.*, No. 2:11CV345DAK, 2012 WL 627668, at *2 (D. Utah Feb. 24, 2012).

Plaintiff ignores these bedrock principles in favor of reliance on two inapposite cases. In *Peirce v. Peirce*, 994 P.2d 193 (Utah 2000), prior to his death, a husband gave away the assets to which his wife would have been entitled under their postnuptial agreement. Plaintiff cites *Peirce* for two general propositions: (1) contracts should be construed in a manner that meets the parties' reasonable expectations and avoids inequitable results; and (2) absent plain language to the contrary, contracts should be construed to "prevent a party's promise from being performable merely at the whim of the promisor." (Opp. at 10-11.) Plaintiff's reliance on *Peirce* is misplaced.

---

[3] The Opposition includes one paragraph regarding "ambiguous" contracts. (Opp. at 8.) But Plaintiff does not allege ambiguity in the Complaint or argue ambiguity in the Opposition. Indeed, Plaintiff asserts that the Agreement impliedly, but unambiguously, barred Shopify from entering into an NSA with USPS. But if Plaintiff seeks to avoid dismissal on ambiguity grounds, that argument fails because Plaintiff did not plead ambiguity and cannot amend its pleading through its Opposition. *See, e.g.*, *Velazquez v. State Farm Fire & Cas. Co.*, No. 19-CV-3128, 2020 WL 1942784, at *8 (E.D. Pa. Mar. 27, 2020), *report and recommendation adopted*, No. CV 19-3128, 2020 WL 1939802 (E.D. Pa. Apr. 22, 2020) (slip op.) (rejecting ambiguity argument because plaintiff failed to plead ambiguity in complaint); *Angino v. Santander Bank, N.A.*, No. 1:15-CV-1145, 2015 WL 13738828, at *8 (M.D. Pa. Dec. 15, 2015); *Ayres v. Portfolio Recovery Assocs., LLC*, No. 2:17-CV-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018).

*First*, underlying both propositions is an assumption that the agreement is unclear. But that assumption does not apply here because the Agreement here is clear. The Agreement expressly prohibited Shopify from using "Competing Resellers" and expressly excluded Shopify from the definition of "Competing Resellers." Based on the Agreement's plain language, enforcing the carve-out is consistent with the parties' reasonable expectations and would *avoid* an inequitable result, not the other way around. *Second*, Shopify's obligations were not performable "on a whim." As explained above, Shopify was bound by its promises (including to forbear from using any Competing Reseller) for the duration of the Agreement. *Third*, postnuptial agreements are subject to "special rules" because—unlike parties to commercial contracts—spouses "do not deal with one another at arm's length," so courts must be "careful to ensure that neither [spouse] has abused his or her mutual trust and fiduciary duty." *Id.* at 198-99. No such relationship is alleged or exists here. *Fourth*, the *Peirce* court found that, absent the finding of an implied promise not to give away his assets, the husband would have given "no consideration" for the agreement. *Id.* at 200. There is no such concern here because Shopify provided consideration to Plaintiff in the form of its (fulfilled) promises not to use Competing Resellers and to pay qualifying shipping label fees to Plaintiff.

Plaintiff similarly relies on *Goodwin v. Hole No. 4*, No. 2:06-CV-00679, 2006 WL 3327990, (D. Utah Nov. 15, 2006). (Opp. at 11-12.) There, plaintiffs alleged that the defendant real estate developer breached their Real Estate Purchase Contract ("REPC") by refusing to sell a property to plaintiffs (when the market price increased beyond the agreed-upon purchase price) and insisted that their remedy was limited to a refund of their deposit plus interest. (Opp. at 11-12.) Plaintiff's reliance is misplaced. In *Goodwin*, the court held that interpreting the REPC to grant the defendant "an absolute and unconditional power to terminate the contract at any time"

would be inconsistent with the parties' reasonable expectations. *Id.* at *4. The court noted that the REPC's purpose was to "facilitate the transfer of real estate in exchange for money," not to give defendant an option contract or to effectuate a loan from plaintiffs to defendant. *Id.* at *3-4. The court also noted that the REPC was accompanied by a side letter stating that "by signing the returning the REPC, [plaintiffs] would 'lock in' a below-market purchase price" for the property. *Id.* No such considerations apply here because, again, Shopify did not terminate the Agreement or refuse to perform any of its promises (including paying qualifying shipping-label fees or forbearing from using Competing Resellers) under the Agreement.

In short, the parties' "reasonable expectations" must be rooted in the plain language of the agreement. Here, Plaintiff's assertion that Shopify was prohibited from entering into its own NSA with USPS is inconsistent with the plain language of the Agreement and, thus, cannot reflect any "reasonable expectation" of Plaintiff, let alone the parties.

        **B.**     **Section 1.E. Does Not Provide For "Two Categories" of Competing Resellers.**

In the Opposition, Plaintiff admits that the Agreement defines a "Competing Reseller" as "a third party, ***other than [Shopify]***, that offers shipping rates under [NSAs] directly with the USPS for domestic or international rates." (Opp. at 4 (emphasis added).) Plaintiff nevertheless goes on to repeat the patently implausible allegation in the Complaint that the definition of "Competing Reseller" includes two categories of third parties: "(1) resellers of USPS rates, similar to [Plaintiff's] relationship to Defendant under the Agreement and (2) other parties that offer shipping rates pursuant to a reseller's NSA." (*Id.*) Plaintiff then asserts nonsensically that the Agreement "carves out Defendant from the definition of 'Competing Reseller' because Defendant would otherwise fall into the second category of resellers. (*Id.*) Simply put, Plaintiff's tortured assertion

9

is contrary to any reasonable interpretation of the plain language of the Agreement. If the parties had intended to bar Shopify from offering its Clients rates under its own NSA with USPS, they would not have expressly carved Shopify out from the definition of "Competing Resellers."

### C. Section 2.E. Does Not Impose Any Obligation on Shopify.

Plaintiff's attempt to conjure the "exclusive" relationship on which its claim depends from Section 2.E. of the Agreement is meritless. *First*, as noted in the Motion, Section 2.E. (titled "Company [Plaintiff] Agrees") does not impose any obligations on Shopify at all. (Mot. at 15.) It applies only to Plaintiff's obligations. *Second*, it would be incongruous for the parties to put a prohibition on Shopify in the section of the Agreement governing Plaintiff's obligations, but not in the section governing Shopify's obligations. This incongruity is particularly glaring—and fatal to Plaintiff's theory of breach—given that the purported obligation cannot be squared with the fact that Shopify is expressly carved out of the "Competing Reseller" definition in Section 1.E. *Third*, headings are relevant to the interpretation of a contract where, as here, the agreement does not state that headings cannot be used to interpret the agreement. *Lipman Bros. v. Apprise Software, Inc.*, No. CIV. 13-4439, 2015 WL 4476983, at *3 (E.D. Pa. July 22, 2015); *Vanderwood v. Woodward*, 449 P.3d 983, 991 (Ct. App. Utah Aug. 22, 2019) (analyzing contractual language and finding that the "heading," along with "the section's text, introductory paragraph, and structure make this point clear"). Therefore, Section 2.E. does not support Plaintiff's unsupported theory of exclusivity.

### CONCLUSION

For the reasons stated above and Shopify's opening motion papers, Plaintiff's theory of breach is implausible as a matter of law because it would require the Court to ignore the plain language of the Agreement. Accordingly, the Complaint should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 22nd day of September 2020.

                                      GOEBEL ANDERSON PC

                                      */s/ Heidi G. Goebel*
                                      Heidi G. Goebel

                                      Rachael M. Trummel (admitted *pro hac vice*)
                                      Andrew J. Chinsky (admitted *pro hac vice*)
                                      KING & SPALDING LLP

                                      *Attorneys for Defendant Shopify Inc.*

## CERTIFICATE OF SERVICE

On this the 22nd day of September 2020, I caused a true and correct copy of the foregoing **DEFENDANT SHOPIFY INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** to be electronically filed with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

/s/ *Heidi G. Goebel*