IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PARCEL PARTNERS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY INC., a Canadian company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00253-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant's Motion to Dismiss. (Dkt. 18.) The motion has been fully briefed by the parties. Having considered the arguments, the court elects to determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Shopify is an online commerce platform that provides clients with software to build online storefronts where they can sell products. Shopify also assists its clients with services such as processing payments and shipping. (Compl., Dkt. 2, ¶¶ 1-2.) Parcel Partners is a company that offers customers discounted shipping rates under their Negotiated Service Agreement ("NSA") with the United States Postal Service ("USPS"). (*Id.* ¶ 3.)

On April 1, 2017, Parcel Partners entered into an agreement with Shopify. (*Id.*, Ex. 1.) Under the agreement, Parcel Partners would provide discounted shipping rates to clients that Shopify refers to Parcel Partners. In return, Shopify would pay Parcel Partners a fee for each shipment purchased under the agreement. (*Id.*, Ex. 1.) In addition Shopify also agreed not to offer its clients domestic shipping rates from any "Competing Reseller." (*Id.* ¶¶ 12-18.) The pertinent provision of the agreement is Section 1.E.:

> Where the domestic rates offered by [Parcel Partners] pursuant to

1

> Exhibit B are discounted off the USPS' publically available domestic rates, [Shopify] will not offer [its] Clients any alternative domestic rate offer from a Competing Reseller. A "Competing Reseller" is a third party, *other than* [*Shopify*], that offers shipping rates under negotiated service agreements directly with the USPS for domestic or international rates.

(*Id.*, Ex. 1 § 1.E. (emphasis added).) The agreement provided for an initial term of one year, which started on April 1, 2017, and would renew for two additional one-year terms unless either party chose not to renew. (*Id.* ¶ 6.) The agreement was renewed twice. The final term was set to expire on March 31, 2020. (*Id.* ¶ 23.)

On February 3, 2020, less than two months before the agreement's expiration, Shopify notified Parcel Partners that it had negotiated its own NSA with the USPS for discounted shipping rates, and that it would stop referring its clients to Parcel Partners. (*Id.* ¶ 23.) On February 21, 2020, Shopify moved its clients from Parcel Partners' shipping rate platform to Shopify's own USPS rate platform. (*Id.* ¶ 24.)

In its one-count complaint against Defendant Shopify, Plaintiff Parcel Partners alleges that Shopify breached their agreement by offering its clients discounted shipping rates from its own NSA with the USPS. (*Id.* ¶ 37.) Plaintiff claims that Shopify's actions "were a breach of the exclusivity of the provisions of the Agreement." (*Id.* ¶ 35.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Plaintiff has failed to satisfy this pleading standard. The plain language of the agreement expressly excludes Shopify from the promise at issue. While Shopify agreed to not offer its clients shipping rates from a competing reseller, the contract expressly excluded Shopify from that forbearance. Thus, Plaintiff's theory of breach fails as a matter of law.

Plaintiff essentially asks the court to read into the agreement that the shipping-rate forbearance in Section 1.E. included Shopify. (Dkt. 20 at 13.) Plaintiff argues that if Shopify could at any time move its clients to its own NSA with the USPS it would render the agreement illusory. (*Id.* at 12.) However, Shopify agreed to forbear, and did forbear, from offering its clients domestic USPS shipping rates from any competing reseller. (Compl., Ex. 1 § 1.E.) Shopify also agreed to pay, and did pay, a fee to Plaintiff for each shipping label purchased by its customers. (*Id.*) By committing to these promises for the duration of the agreement, Shopify provided consideration for the agreement. (*Id.* § 3.) Thus, the agreement was neither illusory nor ambiguous.

## CONCLUSION

Plaintiff's theory of breach fails as a matter of law. Defendant's Motion to Dismiss (Dkt. 18.) is hereby GRANTED. The case is dismissed with prejudice.

DATED this 2nd day of October, 2020.

BY THE COURT:

*Dee Benson*

Dee Benson
United States District Judge